**In re Austin Howard MOODY Margaret A. Moody, Debtors.**

**MIL–GER ENTERPRISES, Plaintiff,**

v.

**Austin Howard MOODY Margaret A. Moody Thomas L. Lackey, Trustee, Defendants.**

**Bankruptcy No. 81–11607.**
**Adv. No. 81–0448.**

United States Bankruptcy Court, D. Maryland.

Jan. 21, 1982.

Richmond T. P. Davis, Laurel, Md., for Austin and Margaret Moody, debtors and defendants.

Walter L. Samet, Baltimore, Md., for Mil-Ger Enterprises, plaintiff.

Thomas L. Lackey, Upper Marlboro, Md., trustee.

OPINION AND ORDER

PAUL MANNES, Bankruptcy Judge.

This matter came on to be heard on January 12, 1982, upon the Complaint filed by Mil-Ger Enterprises for relief from automatic stay or for modification of the stay. The Trustee, Thomas L. Lackey, Esquire, did not appear at trial. After hearing the evidence presented, the Court finds as follows:

1. On December 1, 1981, petitioners Austin Howard Moody and Margaret A. Moody, husband and wife, filed a petition under Chapter 13. Their Chapter 13 Plan and Statements were filed on December 11, 1981. The plan calls for payment in full to secured creditors after payment of priority claims. The funding for the plan comes in part from the sale of two of the three

parcels of real estate that are the subject of this proceeding.[1]

2. On December 9, 1981, Plaintiff Mil-Ger Enterprises filed a complaint for relief from the automatic stay of 11 U.S.C. § 362 to permit it to proceed with foreclosure proceedings in the Circuit Court for Montgomery County, Maryland, Equity No. 77431. The properties sought to be foreclosed upon are (a) the Debtors' residence at 17938 Pond Road, Ashton, Maryland, (b) an adjacent lot, and (c) a parcel of improved real estate located at 5706 Crawford Drive, Rockville, Maryland. The latter two parcels were the parcels Debtors propose to sell to fund their plan.

3. Based upon written appraisals offered in evidence by Plaintiff, the values of the properties are:

   a. Residence, 17938 Pond Road, Ashton, Maryland $220,000.00

   b. Lot known as Lot 40, Plat 6, Ashton Pond $33,000.00

   c. 5701 Crawford Road, Rockville, Maryland $68,000.00

The total of these is $321,000.00

4. Plaintiff, Mil-Ger Enterprises, claims to be the holder of a note in the original amount of $55,000.00 for money advanced pursuant to a promissory note dated October 28, 1980, and signed by Debtors and by Mary Ann Kitchens, Inc. The note is secured by the mortgage that is sought to be foreclosed upon by Plaintiff.

5. Plaintiff claims there is an outstanding balance due upon its note of $77,000.00 plus interest of $198,000.00 and $54,000.00 anticipated expenses of sale. The interest is stated in the complaint as twenty-four percent (24%) per annum. Plaintiff's witness testified the rate was forty percent (40%) per annum. Plaintiff's Exhibit 7, the mortgage note, states that the interest rate is eight-tenths of one percent per diem or two hundred ninety-two percent (292%) per annum.

6. Plaintiff produced no competent evidence of the alleged balance due upon the mortgage note. Debtors' petition states that the amount due Mil-Ger Enterprises is $72,597.00. Debtors' petition also shows $20,000.00 due to another party upon a note secured by a senior security interest to that of Plaintiff's upon the Rockville property and $77,000.00 due other parties upon a note secured upon their residence by a senior security interest to that of Plaintiff. The total indebtedness, including that senior to Plaintiff's, appears to be $169,597.00.

7. The Ashton lot and the Rockville property are necessary to an effective reorganization.

Plaintiff claims that it is entitled to the balance now due upon its loan together with the accelerated balance of the unmatured interest for the balance of the term of the loan. Debtors point out that § 502 of the Bankruptcy Code does not allow a claim for unmatured interest. *See* Collier on Bankruptcy, 15 Ed. ¶ 502.02. Furthermore, depending upon what interest rate Plaintiff claims, a portion of its claim may be subject to a defense based upon the alleged unconscionability of the transaction. Plaintiff advanced $55,000.00 on October 28, 1980, and now seeks $354,000.00 on January 12, 1982. Plaintiff's note also provides for the payment of sixty months' advance interest in the event Debtors desire to prepay the note or the holder demands payment in full. With a $55,000.00 principal balance, this appears to say that the note could be prepaid if Debtors also paid advance interest of $803,000.00.

The Court, therefore, concludes that Plaintiff has failed to carry its burden regarding Debtors' lack of equity in the subject property and that Debtors have established that the subject property is necessary to effect their plan. It is, this 21st day of January, 1982, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, That the Complaint for Relief from Automatic Stay and/or Modifica-

---

1. The Debtors have not filed the supplement to the Chapter 13 Statement required by Rule 13001. This should be filed forthwith.

tion of Automatic Stay be, and the same is hereby denied.